IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON LOUISE BOATRIGHT, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | 3:14-CV-03001-N-BK |
| | § | |
| USA, | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case.  No objections were filed.  The District Court reviewed the proposed Findings, Conclusions, and Recommendation for plain error.  Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate.

IT IS THEREFORE ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.[1]

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition

---

[1] The Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing a motion to vacate sentence, *see* 28 U.S.C. § 2255(f), and that this provision will be applicable to this or any subsequent petition that she may file in this court.

states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).[2]

If petitioner files a notice of appeal,

( ) petitioner may proceed *in forma pauperis* on appeal.

(x) petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this November 21, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.